IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN BRAIAN ROCHA CARBALLO,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, Seattle Field Office Director, United States Immigration and Customs Enforcement; et al.,<br>Respondents. | No. 2:26-CV-02848-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Ariel S. Bailey. Respondents are represented by Barbara Andrade.

Petitioner is a citizen and national of Bolivia and Argentina. He entered the United States on December 18, 2024, and was apprehended by Border Patrol. Petitioner was then released into the United States with a check-in condition. On March 6, 2026, without prior notice or an opportunity to be heard before a neutral decision-maker, Petitioner was arrested by immigration officials while at an immigration-related check-in. On June 30, 2026, an Immigration Judge (IJ) ordered Petitioner removed to Bolivia. Petitioner appealed the IJ's decision on July 20, 2026, and the appeal remains pending.

This is Petitioner's second Habeas Petition. The first Petition, filed in the

U.S. District Court for the District of Maryland, resulted in an Order directing Respondents to hold a bond hearing. At the bond hearing in April 2026, the IJ denied bond, finding that Petitioner was a flight risk. Petitioner now requests the Court order his immediate release, asserting that his re-detention was unlawful at the outset and the IJ failed to provide a constitutionally adequate bond hearing.

Respondents argue that the Petition should be denied because Petitioner has failed to exhaust his administrative remedies. In the alternative, Respondents assert the Petition should be denied for abuse of writ, as this is Petitioner's second Habeas Petition. Respondents assert that Petitioner should have raised his arguments regarding the constitutionality of his re-detention during the pendency of the first Habeas Petition.

As a preliminary matter, exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). Some courts, however, require administrative exhaustion as a prudential matter, considering: (1) whether agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision, (2) whether relaxation of the requirement would encourage the deliberate bypass of the administrative scheme, and (3) whether administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Id*; *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Exceptions to this exhaustion requirement include situations "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981). This exhaustion requirement is further waived when a petitioner challenges issues other than the Board of Immigration Appeals' ruling on removability. *Liang v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004).

Here, Petitioner is not asking the Court to consider whether he is removable.

Petitioner is challenging whether his re-detention was constitutional and whether the IJ provided a constitutionally sufficient bond hearing. These are not questions the Board of Immigration Appeals is capable of resolving. As such, it is appropriate to waive any administrative exhaustion requirement.

Turning to the abuse of writ question, the abuse of writ doctrine "forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). The grounds for relief must be identical for the doctrine to apply. *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023). A successive petition raising "identical grounds for relief as a prior petition" must be dismissed unless Petitioner can either (1) show cause as to why a successive petition was brought and the prejudice that would result from refusing to consider it, or (2) show that a fundamental miscarriage of justice would result from failure to entertain the claim. *Id*.

Petitioner's first Habeas Petition was filed in an entirely different circuit with distinct standards, frameworks, and applicable caselaw. The Court declines to speculate as to whether Petitioner could or could not have brought the same claims and requested the same grounds for relief in his first Petition, as he has a strong case on the merits when applying the body of law applicable in this Court, and dismissing his Petition over a technicality when there is no clear abuse of the system would be a miscarriage of justice.

Turning to the substance of the Petition, the parties agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). When determining whether a petitioner held under § 1226(a) has received appropriate due process, courts in this District apply the three factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the

Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

A finding in favor of an immigration petitioner under *Mathews* requires immediate release to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Lopez Camacho v. Ice Field Off. Dir.*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459, *8 (W.D. Wash. May 6, 2026); *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506 TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention.").

Under Ninth Circuit caselaw, the status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he has lived in the United States since 2024 and was actively engaged in immigration proceedings to secure lawful status prior to his re-detention. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As to whether Petitioner should be released, the Court notes that Petitioner's re-detention was the impetus for the pending controversy. Therefore, Petitioner should be released as that was his status prior to re-detention. *See Tanner*, 316 F.2d

at 809. Furthermore, having a bond hearing at this stage would not cure the underlying constitutional violation and immediate release is the only way to return the status quo.

As Petitioner is entitled to relief regarding his underlying re-detention, the Court declines to consider whether Petitioner's April 2026 bond hearing was constitutionally sufficient.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 8th day of September 2026.

Stan Bastian

Stanley A. Bastian
United States District Judge